[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in Stamford, Connecticut on October 27, 1985, and the plaintiff has been a resident of the State of Connecticut for at least twelve months next preceding the date of this hearing. There are two minor children issue of this marriage, Megan Robinson-Wald born February 9th, 1987 and Mathew Robinson-Wald born February 9th, 1987. CT Page 4243
The evidence presented established that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court carefully considered the criteria set forth in Connecticut General Statutes 46b-56, 46b-62, 46b-81, 46b-82
and 46b-84 as well as other relevant statutes in reaching the decisions reflected in the orders that follow.
The plaintiff, age 37, received her undergraduate degree from Colgate University and her MBA in finance from Long Island University. Although the mother of two small children, she is, nevertheless, working full time as a financial consultant. She testified that her health is good.
The defendant, who testified that his age was 42, received his undergraduate degree from George Washington University and his Master's degree in clinical psychology from St. John's University. He indicates that his present employment is that of a housing specialist. He likewise testified that his health was good.
Evidence was presented on both sides concerning the causes for the breakdown. It would serve no useful purpose to repeat the testimony. Suffice it to say that the plaintiff portrayed a picture of a regular pattern of verbal and physical abuse as well as inconsistent and unreliable, at best, financial support for herself and the two minor children. She also claimed that her husband showed a lack of consistent interest or involvement with the twins.
The defendant denied all of his wife's substantive allegations, and instead, portrayed himself as a victim of his wife's fabrications concerning violence, finances and the children. He claimed to be a substantial and reliable financial contributor to the family. He further claimed to be a caring father who wished to have significant involvement in his children's upbringing.
The following orders shall enter.
1. There shall be no award of alimony to either party.
2. The plaintiff shall retain her interest in the property at 604 Old Town Road, Trumbull, Connecticut. The court awards no interest in that property to the defendant.
3. The plaintiff is entitled to the personal property located in the premises at 604 Old Town Road, Trumbull, CT Page 4244 Connecticut, with the exception of the stereo, three filing cabinets and two couches. No evidence was presented by the parties concerning these items of personal property, and if the parties cannot resolve these items themselves, they are to return to court for a referral to the Family Relations office. If Family Relations is unable to resolve their competing claims, the matter will be returned to this court for a final and binding determination. Each party shall be entitled, except as outlined above, to the personal property presently in their possession.
4. The plaintiff shall carry the equivalent of her present medical insurance for the benefit of the minor children during their minority for as long as it is offered to her through her employment. If it is no longer offered through her employment and the parties cannot agree between themselves as to whose responsibility it will be to carry said insurance, the parties will return to this court for a binding determination of such responsibility and the allocation, if any, of the cost.
5. All uninsured medical, dental, psychiatric, prescriptive, orthodonture and the like expenses for the benefit of the minor children shall be divided 50/50 between the parties. However, for all courses of treatment reasonably anticipated to exceed $500.00, the defendant's consent must first be obtained, except in an emergency, which consent shall not be unreasonably withheld.
6. The defendant shall maintain $80,000.00 of unencumbered life insurance with the children as equal, irrevocable primary beneficiaries (i.e., $40,000.00 for the benefit of each child) for as long as he is obligated to support them under the terms of this decree. The amount of life insurance may be reduced from time to time as the maximum amount of support due to each of the children before their majority becomes less than the amount of the insurance; to wit: at age 8, each child has ten years before majority. The maximum amount of support for each child would be $57.50 times 52 weeks times ten years or $29,990.00. His coverage at that point could, therefore, be reduced to $29,990.00 per child. If support modifies upward, the life insurance is to be increased to an amount at least equal to the maximum amount of support payable before the child's reaching majority.
 The plaintiff shall be designated trustee for the benefit of said minor children. The defendant shall, at least yearly, provide reasonable documentation to the plaintiff that indicates such insurance to be in full force and CT Page 4245 effect.
7. Each party will be responsible for the payment of his or her own attorney's fees.
8. Each party shall be responsible for the bills as listed on her or his affidavit and shall fully indemnify and hold the other harmless therefrom except for the Greenwich Hospital bill, Dr. Coleman's bill and Dr. Schitz' bill listed on the plaintiff's affidavit which both parties agreed to be responsible for 50/50. They shall each make payments of their respective shares in a reasonable and prompt manner.
9. The plaintiff will cooperate with the defendant concerning any COBRA benefits that may be available to him at his own cost through her employer.
10. Except as may otherwise be treated in this memorandum of decision, each party shall retain ownership of any asset now held in his or her respective name.
11. For any taxes, interest, and/or penalties found to be due and owing on any joint tax return, each party shall be responsible for the amount owed based on the income earned and/or deductions claimed by that party. As to taxes, interest and/or penalties on the returns that are based on joint deductions or a mistake by the preparer of the document, the amount found to be due and owing shall be divided equally between the parties.
12. Based on the child support guidelines, the defendant is ordered to pay, during his lifetime, $57.50 per child as child support until each of the children attains the age of majority or sooner emancipation.
13. The plaintiff shall have sole custody of the minor children. The defendant shall have reasonable visitation rights subject to the following conditions:
 a. Visitation will take place at the present time in the presence of either the plaintiff's mother or Winston Robinson, the children's godfather, who presently lives in Greenwich, Connecticut.
 b. Visitation will take place every other Sunday between the hours of 12 noon and 5:00 p. m. in the State of Connecticut.
If the visitation proceeds in a satisfactory manner, it is CT Page 4246 envisioned that, after a reasonable period of time, the defendant would be able to exercise unsupervised visitation rights with the children and/or visitation outside the State of Connecticut. He may petition the court, after a reasonable period of time, for such a modification.
LAWRENCE L. HAUSER, JUDGE